UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BALZARINI, <br> Plaintiff, <br> v. <br> JOE A. LIZARRAGA, <br> Defendant. | Case No. 19-cv-07661-RS (PR) <br><br> **ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff is barred from bringing this action *in forma pauperis* because he has filed at least three federal actions that were dismissed as frivolous, malicious, or on grounds that they failed to state a claim for relief. He was ordered to show cause why pauper status should not be barred, but he has not filed any response to that order. Accordingly, this federal civil rights action is DISMISSED without prejudice to plaintiff bringing his claims in a new paid complaint.

## BACKGROUND

Plaintiff, a state prisoner and frequent litigant in federal court, filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. He was ordered to show cause why the action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil

action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  (Dkt. No. 18.)  The order identified three prior federal court actions ("strikes") that appeared to count under section 1915(g) and allowed plaintiff an opportunity to respond, as required by *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005).  The order also informed plaintiff he could avoid dismissal by paying the filing fee by the deadline.

The strikes identified were:

**(1)** *Balzarini v. Bank of America*, No. 2:95-cv-02279-UA (C.D. Cal. April 7, 1995);

**(2)** *Balzarini v. Hirsch*, No. 1:00-cv-06736-OWW-LJO (E.D. Cal. October 11, 2000);

**(3)** *Balzarini v. Schwarzenegger*, No. 3:07-cv-02800-MHP (N.D. Cal. May 30, 2007);

**(4)** *Balzarini v. Goodright*, No. 3:09-cv-01796-MHP (N.D. Cal. May 30, 2007).

The Ninth Circuit determined that the first three suits are strikes, in the course of ruling on one of plaintiff's appeals.  *Balzarini v. Lewis*, No. 15-16530 (9th Cir. Jan. 27, 2016), Dkt. No. 11.  The appellate court informed plaintiff of the strikes and ordered him to pay the full filing fee.  *Id.*  When he did not do so, the appeal was dismissed.  Dkt. No. 12.  Plaintiff's motion for reconsideration was rejected.  Dkt. No. 16.

## DISCUSSION

Plaintiff has not filed any response to the order to show cause.  He therefore has not shown any reason that the restrictions of section 1915(g) should not be imposed.  He has failed to (i) pay the filing fee; (ii) show that any of the strikes do not qualify under section 1915(g); (iii) show that he qualifies for the imminent danger exception; or (iv) otherwise show cause why this action should not be dismissed.

Accordingly, plaintiff's IFP application is DENIED.  (Dkt. No. 5.)  This civil rights action is DISMISSED without prejudice to plaintiff bringing his claims in a new paid complaint.

## CONCLUSION

This action is DISMISSED without prejudice and the IFP motion is DENIED.  The Clerk shall terminate all pending motions, enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

**Dated:**  May  8 , 2020

_____
RICHARD SEEBORG
United States District Judge